UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | | |
|---|---|---|
| TAYLOR ALLEN,<br>Individually and on behalf<br>of all others similarly situated<br><br>*Plaintiff,*<br><br>v.<br><br>JUMP START ACADEMY, LLC<br><br>*Defendant.* | § § § § § § § § § § § § § | Civil Action No. _____<br><br>JURY TRIAL DEMANDED<br><br><br>COLLECTIVE ACTION<br>PURSUANT TO 29 U.S.C. § 216(b) |

## ORIGINAL COLLECTIVE ACTION COMPLAINT

Plaintiff Taylor Allen brings this action individually and on behalf of all current and former hourly Assistant Teachers (hereinafter "Plaintiff and the Putative Class Members") who worked for Jump Start Academy, LLC ("Defendant" or "Jump Start") at any time from September 28, 2018 through the final disposition of this matter, to recover compensation, liquidated damages, and attorneys' fees and costs pursuant to the provisions of Sections 207 and 216(b) of the Fair Labor Standards Act of 1938, as amended 29 U.S.C. § 216(b). Plaintiff's FLSA claim is asserted as a collective action under Section 16(b) of the FLSA, 29 U.S.C. §216(b). The following allegations are based on personal knowledge as to Plaintiff's own conduct and are made on information and belief as to the acts of others.

## I.
## OVERVIEW

1. This is a collective action to recover overtime wages and liquidated damages brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–19.

2. Plaintiff and the Putative Class Members are those persons who are current and former hourly Assistant Teachers who worked for Jump Start, anywhere in the United States, at any time from September 28, 2018 through the final disposition of this matter.

3. Plaintiff and the Putative Class Members routinely worked in excess of forty (40) hours per workweek.

4. During the relevant time period, Jump Start knowingly and deliberately failed to compensate Plaintiff and the Putative Class Members for all hours worked in excess of forty each week on a routine and regular basis.

5. Specifically, Jump Start's regular practice—including during weeks when Plaintiff and the Putative Class Members worked in excess of 40 hours (not counting hours worked "off-the-clock")—was to require Plaintiff and the Putative Class Members to study for and complete mandatory training required for employment by Jump Start "off-the-clock."

6. The effect of Jump Start's practice was that all time worked by Plaintiff and the Putative Class Members was not counted and paid; thus, Jump Start failed to properly compensate Plaintiff and the Putative Class Members for all of their hours worked and resultingly failed to properly calculate Plaintiff and the Putative Class Members' overtime under the FLSA.

7. Plaintiff and the Putative Class Members did not and currently do not perform work that meets the definition of exempt work under the FLSA.

8. Plaintiff and the Putative Class Members seek to recover all unpaid overtime, liquidated damages, and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b).

9. Plaintiff also prays that all similarly situated workers (Putative Class Members) be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

## II.
## THE PARTIES

10. Plaintiff Taylor Allen ("Allen") has been employed by Jump Start since October of 2020. Plaintiff Allen did not receive compensation for all hours worked or the correct amount of overtime compensation for all hours worked in excess of forty (40) hours per workweek.[1]

11. The FLSA Collective Members are those current and former hourly Assistant Teachers who were employed by Jump Start, anywhere in the United States and at any time from September 28, 2018 through the final disposition of this matter, and have been subjected to the same illegal pay system under which Plaintiff Allen worked and was paid.

12. Defendant Jump Start Academy, LLC is a domestic limited liability corporation, licensed to and doing business in Louisiana, and may be served through its registered agent for service of process: **Cole Griffin, 700 Saint John St. Suite 401, Broussard, Louisiana 70518.**

## III.
## JURISDICTION & VENUE

13. This Court has federal question jurisdiction over these claims pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. §§ 201–19.

14. This Court has personal jurisdiction over Jump Start because the cause of action arose within this district as a result of Jump Start's conduct within this District.

15. Venue is proper in the Western District of Louisiana because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

16. Specifically, Plaintiff Allen worked in Broussard, Louisiana throughout her employment with Jump Start, which is located in this District and Division.

17. Venue is therefore proper in this Court pursuant to 28 U.S.C. § 1391(b).

---

[1] The written consent of Taylor Allen is attached hereto as Exhibit "A."

## IV.
## ADDITIONAL FACTS

18. Defendant Jump Start is an early childhood care center.[2]

19. To provide its services, Jump Start employed (and continues to employ) numerous hourly Assistant Teachers—including Plaintiff and the individuals that make up the putative or potential class. While exact job titles may differ, these employees were subjected to the same or similar illegal pay practices for similar work throughout the United States.

20. Plaintiff and the Putative Class Members are (or were) hourly Assistant Teachers employed by Jump Start for the relevant time-period preceding the filing of this Complaint through the final disposition of this matter.

21. Importantly, none of the FLSA exemptions relieving a covered employer (such as Jump Start) of the statutory duty to pay its employees overtime at one and one-half times the regular rate of pay apply to Plaintiff or the Putative Class Members.

22. Moreover, Plaintiff and the Putative Class Members are similarly situated with respect to their job duties, their pay structure and, as set forth below, the policies of Jump Start resulting in the complained of FLSA violations.

23. Jump Start had a policy that required hourly Assistant Teachers, such as Plaintiff and the Putative Class Members, to study for and complete mandatory training courses off-the-clock.

24. If an hourly Assistant Teacher did not pass the mandatory training courses, they could be terminated from their employment with Jump Start.

25. Although Plaintiff and the Putative Class Members were allowed to take their first child safety class on the clock, they were told afterwards by Jump Start that all other training courses

---

[2] https://prek.club/day-care-school/jumpstart-academy-llc.

and tests would have to be done on their own time at home, and that they would not be paid for either the time required to study for the course tests nor the time required to take the course tests.

26. Around November of 2020, after already having completed dozens of hours' worth of training off-the-clock, Plaintiff Allen complained to her manager that she believed it was illegal to require her and the other hourly Assistant Teachers to complete this required work off-the-clock.

27. Shortly after Plaintiff Allen's complaint, Jump Start altered its policies and began paying Plaintiff and the Putative Class Members for the time they spent working on the mandatory training courses.

28. Although Jump Start now pays for the mandatory training, Jump Start has not paid Plaintiff or the Putative Class Members their overtime wages for the work they had already completed off-the-clock on its behalf.

29. Jump Start was (and continues to be) aware that Plaintiff and the Putative Class Members regularly completed mandatory training off-the-clock without pay in violation of the FLSA.

30. Jump Start knew and directed Plaintiff and the Putative Class Members to study for and complete their mandatory training "off-the-clock" in violation of the FLSA.

31. As a result of Jump Start's requirement for Plaintiff and the Putative Class Members to study for and complete mandatory training "off-the-clock," Plaintiff and the Putative Class Members worked overtime hours for which they were not compensated.

32. Jump Start's failure to compensate Plaintiff and the Putative Class Members for their "off-the-clock" overtime hours violated the FLSA.

33. Jump Start knew or should have known that it was miscalculating Plaintiff and the Putative Class Members' regular rates of pay and that the proper amount of overtime compensation was not being paid to Plaintiff and the Putative Class Members in violation of the FLSA.

34. Jump Start knew or should have known that its failure to pay the correct amount of overtime to Plaintiff and Putative Class Members would cause, did cause, and continues to cause financial injury to Plaintiff and the Putative Class Members.

35. Jump Start knew or should have known that causing and/or requiring Plaintiff and the Putative Class Members to perform necessary work "off-the-clock" would cause, did cause, and continues to cause financial injury to Plaintiff and the Putative Class Members.

36. Jump Start's actions therefore constitute willful violations under the FLSA and were not made in good faith.

## V.
## CAUSE OF ACTION

### A. FLSA COVERAGE

1. All previous paragraphs are incorporated as though fully set forth herein.

2. The FLSA Collective is defined as:

**ALL CURRENT AND FORMER HOURLY ASSISTANT TEACHERS WHO WORKED FOR JUMP START ACADEMY, LLC, ANYWHERE IN THE UNITED STATES, AT ANY TIME FROM SEPTEMBER 28, 2018 THROUGH THE FINAL DISPOSITION OF THIS MATTER ("FLSA Collective" or "FLSA Collective Members").**

3. At all times hereinafter mentioned, Jump Start has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

4. At all times hereinafter mentioned, Jump Start has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

5. At all times hereinafter mentioned, Jump Start has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on

goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that that enterprise has had, and has, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

6. Specifically, Jump Start operates on interstate highways, purchases materials through commerce, transports materials through commerce and on the interstate highways, and conducts transactions through commerce, including the use of credit cards, phones and/or cell phones, electronic mail and the Internet.

7. During the respective periods of Plaintiff and the FLSA Collective Members' employment by Jump Start, these individuals provided services for Jump Start that involved interstate commerce for purposes of the FLSA.

8. In performing the operations hereinabove described, Plaintiff and the FLSA Collective Members were engaged in commerce or in the production of goods for commerce within the meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

9. Specifically, Plaintiff and the FLSA Collective Members are (or were) hourly Assistant Teachers who assisted Jump Start's customers throughout the United States. 29 U.S.C. § 203(j).

10. At all times hereinafter mentioned, Plaintiff and the FLSA Collective Members are (or were) individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206–07.

11. The proposed class of similarly situated employees, i.e. FLSA collective members, sought to be certified pursuant to 29 U.S.C. § 216(b), is defined in Paragraph 38.

12. The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee and personnel records of Jump Start.

## B. FAILURE TO PAY WAGES AND OVERTIME UNDER THE FAIR LABOR STANDARDS ACT

13. Jump Start violated provisions of Sections 6, 7 and 15 of the FLSA, 29 U.S.C. §§ 206, 207, and 215(a)(2) by employing individuals in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such non-exempt employees for all the hours they worked in excess of forty (40) hours per week at rates at least one and one-half times the regular rates for which they were employed.

14. Moreover, Jump Start knowingly, willfully, and with reckless disregard carried out its illegal pattern of failing to pay Plaintiff and other similarly situated employees the proper amount of overtime compensation for all hours worked over forty (40) each week. 29 U.S.C. § 255(a).

15. Jump Start knew or should have known its pay practices were in violation of the FLSA.

16. Jump Start is a sophisticated party and employer, and therefore knew (or should have known) its pay policies were in violation of the FLSA.

17. Plaintiff and the FLSA Collective Members, on the other hand, are (and were) unsophisticated laborers who trusted Jump Start to pay them according to the law.

18. The decision and practice by Jump Start to not pay Plaintiff and the FLSA Collective Members overtime for all hours worked over forty (40) each week was neither reasonable nor in good faith.

19. Accordingly, Plaintiff and the FLSA Collective Members are entitled to be paid overtime wages for all hours worked in excess of forty (40) hours per workweek pursuant to the

FLSA in an amount equal to one-and-a-half times their regular rate of pay, plus liquidated damages, attorneys' fees and costs.

C. **COLLECTIVE ACTION ALLEGATIONS**

1. All previous paragraphs are incorporated as though fully set forth herein.

2. Pursuant to 29 U.S.C. § 216(b), this is a collective action filed on behalf of Jump Start's employees who are (or were) similarly situated to Plaintiff with regard to the work they performed and the manner in which they were paid.

3. Other similarly situated employees of Jump Start have been victimized by Jump Start's patterns, practices, and policies, which are in willful violation of the FLSA.

4. The FLSA Collective Members are defined in Paragraph 38.

5. Jump Start's failure to pay Plaintiff and the FLSA Collective Members overtime compensation at the rates required by the FLSA, results from generally applicable policies and practices of Jump Start, and does not depend on the personal circumstances of Plaintiff or the FLSA Collective Members.

6. Thus, Plaintiff's experiences are typical of the experiences of the FLSA Collective Members.

7. The specific job titles or precise job requirements of the various FLSA Collective Members does not prevent collective treatment.

8. All of the FLSA Collective Members—regardless of their specific job titles, precise job requirements, rates of pay, or job locations—are entitled to be properly compensated their overtime wages for all hours worked in excess of forty (40) each week.

9. Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

10. Absent a collective action, many members of the proposed FLSA collective will not likely obtain redress of their injuries and Jump Start will retain the proceeds of its violations.

11. Moreover, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the classes and provide for judicial consistency.

12. Accordingly, the FLSA collective of similarly situated plaintiffs should be certified as defined as in Paragraph 38 and notice should be promptly sent.

## VI.
## RELIEF SOUGHT

13. Plaintiff respectfully prays for judgment against Jump Start as follows:

   a. For an Order certifying the FLSA Collective as defined in Paragraph 38 and requiring Jump Start to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all putative collective action members;

   b. For an Order approving the form and content of a notice to be sent to the FLSA Collective Members advising them of the pendency of this litigation and of their rights with respect thereto;

   c. For an Order pursuant to Section 16(b) of the FLSA finding Jump Start liable for unpaid back wages due to Plaintiff (and those FLSA Collective Members who have joined in the suit), and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those FLSA Collective Members who have joined in the suit);

   d. For an Order awarding the costs of this action;

   e. For an Order awarding attorneys' fees;

   f. For an Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law;

    g.    For an Order awarding Plaintiff Allen a service award as permitted by law;

    h.    For an Order compelling the accounting of the books and records of Jump Start, at Jump Start's expense; and

    i.    For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

LAW OFFICES OF JOSEPH F. GAAR, JR.

By:   /s/ *Lucas S. Colligan*
**Lucas S. Colligan**
Louisiana Bar No. 31673
lucas@gaarlaw.com
114 Representative Row
Lafayette, Louisiana 70508
Telephone: (337) 233-3185
Facsimile: (337) 233-0690

ANDERSON ALEXANDER, PLLC

By:   /s/ *Clif Alexander*
**Clif Alexander** (*pro hac vice forthcoming*)
Texas Bar No. 24064805
clif@a2xlaw.com
**Austin W. Anderson** (*pro hac vice forthcoming*)
Texas Bar No. 24045189
austin@a2xlaw.com
819 N. Upper Broadway
Corpus Christi, Texas 78401
Telephone: (361) 452-1279
Facsimile: (361) 452-1284

***Attorneys for Plaintiff and the Putative Class Members***